444

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25433.   Decided June 8, 1961.

*Messrs. Brannon & Renswick* and *Messrs. McDonald, Hopkins, Hood & Hardy,* for plaintiff-appellant.

*Messrs. Johnson, Weston, Blackmore, Cory & Hurd,* for defendant-appellee.

(HUNSICKER and DOYLE, JJ., of the Ninth District, and GUERNSEY, P. J., of the Third District, sitting by designation in the Eighth District.)

HUNSICKER, P. J.   Margaret Hyde sued the city of Lakewood, Ohio, for personal injuries she alleged she received by reason of the negligent conduct of city hospital employees while she was a patient in a hospital operated by the city of Lakewood.

The allegation in the amended petition, which raises the issue herein, is that "defendant is a municipal corporation engaged in the operation of a hospital in the city of Lakewood, Ohio, for gain, profit and compensation."

The answer of the city of Lakewood to the amended petition admitted that it was a municipal corporation engaged in the operation of a hospital in that city.

After the filing of this answer, the city of Lakewood, pursuant to Section 2311.041, Revised Code, filed a motion for summary judgment. This section says, in part, that:

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, admissions of the genuineness of papers or documents, and affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Thereafter, the following judgment was entered by the trial court:

"This matter came on for hearing by the court on defendant's motion for summary judgment and on consideration of the pleadings and motion same is granted."

An appeal on questions of law was thereafter lodged in this court by Margaret Hyde, who says that (1) the granting of the motion for summary judgment "was erroneous and contrary to law"; and (2) "the issue which the (city of Lakewood) attempts to raise in its motion for summary judgment is not related to the pleadings to which it was intended to apply, was improperly raised, and should, therefore, have been rejected by the trial court."

The position of the city of Lakewood is that the operation of a hospital by a municipality is a governmental function, and, because of that situation, the city is immune from tort liability.

Section 715.37, Revised Code, provides for the establishment of municipal hospitals. This statute does not, however, make it mandatory that a municipality provide a hospital for its citizens; on the contrary, it is a permissive statute only.

If the operation of a hospital by the city of Lakewood is a governmental function, as distinguished from a proprietary function, the rule of immunity for the tortious acts of its em-

ployees while engaged in the exercise of governmental functions must apply.

In *Lloyd* v. *City of Toledo,* 42 Ohio App., 36, at p. 38, the court said:

"* * * The rule is well settled that a municipal corporation is not liable for the torts of its officers and employees engaged in the operation of a municipal hospital, mainly at public expense, to promote the public health."

In *Schaffer* v. *Board of Trustees et al.,* 171 Ohio St., 228, at p. 230, the court, in discussing the immunity doctrine as it relates to counties, said:

"* * * A municipal corporation, on the other hand, is a corporation invested with certain powers of a private or proprietary nature."

The matter herein then brings us to that point where we are required to determine whether the mere fact that the city of Lakewood operates a hospital renders it immune from suit by one who claims damage by reason of the tortious acts of an employee of such hospital. In other words, is the operation of a municipal hospital per se a governmental function?

If evidence is required to establish the fact as to the character of this hospital as being a governmental or a proprietary function, then the allegations contained in the pleadings are not sufficient, and a motion for summary judgment does not lie.

The Supreme Court of Ohio, in *Eversole* v. *City of Columbus,* 169 Ohio St., 205, said:

"1. Under the established law of Ohio, a municipality when in the exercise of governmental functions is immune from liability for torts, whereas, when it is engaged in undertakings which are proprietary or ministerial in nature, the contrary is true.

"2. Generally, the powers of a municipality which are governmental are those which are exercised in the performance of activities incident to sovereignty, such as those pertaining to the making and enforcing of regulations to check crime and apprehend criminals, to preserve the public health, to prevent and extinguish fires, to care for the aged and indigent and to provide for the progressive and systematic education of the young."

In that case, Judge Zimmerman, speaking for the court, said, at pages 206 and 207:

"There appears to be increasing sentiment for a rule making a municipal corporation, like any other principal, liable for the torts of its agents, that the attempt to distinguish between governmental and ministerial or proprietary functions in determining the liability of a municipal corporation is artificial and unrealistic, and that such dictinction should be abolished. However, many courts, including the Supreme Court of Ohio, still attempt to distinguish between activities which are governmental in character and those which are proprietary, taking the position that in the former instance a municipality is absolved from liability for negligence and in the latter instance it is not.

"The question of whether in a specific instance a municipality is engaged in a governmental or a proprietary undertaking is sometimes difficult of determination and the lines drawn in differentiating between those activities are not always clear or satisfactory."

The city of Lakewood was not acting under any statutory duty when it determined to operate the hospital. The immunity of the city in this case can only be justified on the basis of its direct relation to the preservation of the health of the inhabitants of the city of Lakewood, since the matter of the preservation of health has always been considered a governmental function. *Eversole* v. *City of Columbus, supra; City of Wooster* v. *Arbenz*, 116 Ohio St., 281.

An annotation bearing on the discussion herein, together with a collation of the authorities, may be found in 25 A. L. R. 2d, 203, et seq.

We note again that it is alleged in the petition that this hospital was being operated for profit, gain and compensation.

Immunity from liability for tortious acts committed by an employee of a nonprofit hospital has been denied in Ohio by the case of *Avellone* v. *St. John's Hospital*, 165 Ohio St., 467. The only basis upon which a municipality may escape liability under the circumstances as alleged herein is that the operation of this hospital is a governmental function, notwithstanding it is claimed to be operated for profit. The mere operation of a hospital by a municipality ought not to be decreed to be govern-

mental in character simply because it is being operated by the municipality.

There is no allegation in the pleadings (and we do not have affidavits or evidence herein) that this hospital is being operated as a charitable institution for the care of the indigent sick who need hospitalization. The judgment in this case in effect says that the operation by a municipality of a hospital is per se a governmental function, whether operated for profit, or as a charitable institution.

There is such a wide divergence of authority in the United States on the question of whether the operation of a hospital by a municipality is per se a governmental function, that we cannot say that any one rule prevails.

In consideration of the present view of the Supreme Court of Ohio, as evidenced by the conclusion reached in *Avellone* v. *St. John's Hospital, supra,* we determine in the instant case that the mere fact of the operation of a hospital by the city of Lakewood does not make that city immune from liability for tortious acts of the employees of the hospital, committed in the course of their employment.

The summary judgment entered by the trial court must be reversed, and the cause remanded to the trial court for further proceedings.

Judgment reversed and cause remanded.

DOYLE and GUERNSEY, JJ., concur.